### Eva Conrad, Appellee, v. St. Louis, Springfield & Peoria Railroad, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

### Statement of the Case.

Action for personal injuries by Eva Conrad, plaintiff, against the St. Louis, Springfield & Peoria Railroad, a corporation, defendant. From a judgment for plaintiff, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Plaintiff boarded a car of defendant at Peoria, Illinois, to be conveyed to Mackinaw. The car was well filled. Some of the witnesses said there were no vacant seats and others that there were. Plaintiff said she saw none. After the car had gone a short distance it came to a stop, and the evidence tended to show that when it started again it did so with a jerk, although there was quite a sharp conflict in the evidence on that point. Whatever the facts were as to the suddenness with which the car was started, plaintiff was jerked, was thrown, or fell down to the floor of the car. There was a conflict in the evidence in regard to whether she came to a sitting posture or was prostrate upon the floor. She was assisted to arise and accepted a proffered seat and continued her journey to her home town, where she alighted from the car and walked to her home, about four blocks. The next day she went to church and Sunday school, where she says her neck and hips hurt her severely. From there she went to a doctor's office and was advised to put a hot water bottle on her hips and hot applications on her neck, which she did with good results, but she claimed that she suffered considerable pain as well as other ill results of the fall for several weeks. The extent of her injuries was also seriously contested. She brought this suit later, charging in the first count of her declaration that defendant negligently managed and operated its car and particularly that it negligently and violently started its car; and in the second count, that the car was crowded with passengers and that while she was attempting to get a seat defendant violently, carelessly and negligently started its car suddenly and with great force and threw her down. She secured a verdict and judgment for $3,375.

Prettyman, Velde & Prettyman and George W. Black, for appellant; George W. Burton, of counsel.

T. N. SMITH and CURRAN & DEMPSEY, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. INSTRUCTIONS, § 7*—*when jury should be instructed accurately*. Where the evidence is sharply conflicting, it is important that the jury be instructed with substantial accuracy.

2. TRIAL, § 185*—*what instruction directing verdict must contain*. An instruction directing a verdict for the plaintiff must include all the elements necessary to a recovery.

3. NEGLIGENCE, § 204*—*when direction of verdict erroneous*. Where a count in a declaration in an action for personal injuries limits the denial of contributory negligence to the instant of the injury, an instruction directing a verdict for the plaintiff on proof of the allegations in such count by a preponderance of the evidence is erroneous, as a plaintiff must negative contributory negligence in getting into the position in which he was when injured.

4. NEGLIGENCE, § 208*—*when instruction ignoring contributory negligence erroneous*. An instruction in a personal injury action to the effect that a common carrier is held strictly responsible for all consequences which directly flow from the negligent conduct of its servant, *held* erroneous in ignoring the question of contributory negligence.

5. NEGLIGENCE, § 228*—*when instruction on due care erroneous*. An instruction in an action for personal injuries, limiting the necessity of the exercise of due care on the part of the plaintiff to the time of the injury and immediately before that time, *held* erroneous in consideration of the facts shown.

6. APPEAL AND ERROR, § 1542*—*when instruction on damages not reversibly erroneous*. In an action for personal injuries, an instruction allowing the jury to consider all elements of damage concerning which there was any evidence in the case, *held* not reversible error where there was no evidence of any elements of damage not declared on in the declaration.

7. DAMAGES, § 211*—*when instruction allowing damages for prospective suffering and loss of health erroneous*. In an action for personal injuries, an instruction that the jury might consider on the question of damages, among other things, "also such prospective suffering and loss of health, if any, as the jury may believe from the evidence before them in this case the plaintiff has sus-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Conrad v. St. Louis, Springfield & Peoria R. Co., 201 Ill. App. 276.

tained by reason of such injuries, if any, in the future upon the plaintiff," *held* misleading and erroneous.

8. EVIDENCE, § 437*—*when sufficient basis shown for hypothetical question.* In an action for personal injuries, evidence that the plaintiff suffered from pain in the hips, *held* sufficient on which to base a hypothetical question in which "pain in the buttocks" was mentioned as an element of damage.

9. EVIDENCE, § 436*—*what facts may be assumed in hypothetical question.* In an action for personal injuries alleged to have been sustained by the plaintiff while traveling on the defendant's railway train, an objection to a hypothetical question put to an expert witness for the plaintiff on cross-examination, assuming that the injury was caused by an automobile accident, concerning which there was nothing in the evidence, but which examining counsel advised the court they expected to prove, *held* improperly overruled, as in such case any fact which in the sound discretion of the court is pertinent to the inquiry, whether the same has been testified to or not, may be assumed in a hypothetical question to test the accuracy, learning or skill of the witness.

10. EVIDENCE, § 165*—*when report of conductor inadmissible as self-serving statement.* In an action for personal injuries alleged to have been sustained by the plaintiff while riding on the defendant's railway train, a report made by the conductor of the train to the defendant concerning a conversation he had with the plaintiff shortly after the accident, was *held* inadmissible, as at best it was but a self-serving statement.

11. APPEAL AND ERROR, § 812*—*what bill of exceptions must contain.* The conduct of counsel during trial not shown in the bill of exceptions will not be considered on appeal as ground for reversal.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.